(No. 5002—

MARY LOUISE WALLA, as Executor of the Estate of OLLIE LEE ARNTS, Deceased, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 28, 1968.*

KAHN, ADSIT and ARNSTEIN and PARKER, BAUER and PARKER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; LEE D. MARTIN, Assistant Attorney General, for Respondent.

DOVE, J.

This is a cause of action for wrongful death brought pursuant to the provisions of the Wrongful Death Act, Chap. 70, Secs. 1 and 2, Ill. Rev. Stats., by claimant, Mary Louise Walla, as Executor of the Estate of Ollie Lee Arnts, deceased, against respondent, State of Illinois, to recover damages for the death of Ollie Lee Arnts resulting from a single car accident on November 12, 1960 at about 5:30 A.M.

In the spring of 1960, the Department of Public Works and Buildings, Division of Highways of the State of Illinois, undertook the reconstruction and relocation of State Route No. 1 about one and one-half miles south of Norris City, White County, Illinois. As part of this project, U.S. Route No. 45, which intersects Illinois Route No. 1 at a point just south of a railroad viaduct

south of Norris City, was reconstructed and relocated approximately 1,000 feet to the south of its original location. Work on the project commenced on May 12, 1960, and was completed on October 14, 1960.

In altering the location of U. S. Route No. 45, a paved portion of the old road, approximately 1,000 feet long, was removed, and the direction of the old road altered by the construction of a road connecting old U. S. Route No. 45 with new U. S. Route No. 45. The composition of the connecting road was gravel and crushed rock. The gravel connecting road made a sharp 65 degree turn to the left from the end of the pavement of old U. S. Route No. 45. This turn was regarded as a "relatively sharp curve at high speed driving" by State District Construction Engineer Gamble. Due to a difference in the grade level of the old and new roads, there was a sharp drop-off along the southwest side of the connecting road where the State had constructed a ditch.

The decedent, Ollie Lee Arnts, was driving from Chicago to Harrisburg, Illinois on U. S. Route No. 45 to visit her mother. The decedent had driven this route numerous times, but her last occasion to use this particular route prior to the accident had been in April, 1960, prior to the reconstruction and relocation of U. S. Route No. 45. The accident occurred in the dark, early morning hours of November 12, 1960 when decedent's automobile ran off the gravel connecting road and over an embankment, and crashed into a bridge abutment.

There is conflicting evidence regarding the number and types of warning signs and devices erected by the State to warn motorists of the construction area and the gravel connecting road. It appears from the evi-

dence, however, that there was a movable horse-type barricade across the north or right half of the old road approximately 2,100 feet from the beginning of the gravel connecting road. Attached to the barricade was a sign which read: "Closed - Open for Residents and Contractors Only". There were no flares placed around the barricade for illumination at night. Between the barricade and the beginning of the gravel connecting road was a sign with an arrow indicating a left turn ahead with a small "15 M.P.H." sign posted below it.

It appears from the evidence that this gravel connecting road, which had originally been constructed to enable traffic to move through the construction area during construction of the new road, continued to be used by the public after construction had been completed. It is clear from the evidence that the State of Illinois was aware of this continued use of the gravel connecting road by the public. There was documentary evidence, as well as testimony, that a number of similar accidents had occurred along this gravel connecting road during the 45 day period preceding the accident in question.

There were apparently no eye witnesses to the accident, and both Mary Louise Walla, Executor of decedent's estate, and decedent's mother testified that decedent's driving habits were good. Evidence was introduced that decedent had served in the Army during World War II as an ambulance operator, and had received a citation for good driving.

The decedent was a widow, 48 years of age, with no children. She left surviving her a dependent mother, 70 years of age, whose life expectancy was 12.6 years

at the time of the accident, and who had been supported by decedent for many years. Evidence was introduced without objection that the loss of support and expenses incurred as a result of this accident amounted to more than $16,000.00.

The law is well settled in this State that the State is not an insurer of the public on its highways. However, when the State is in the process of repairing or constructing a highway it is duty bound to use reasonable care in warning the traveling public of the hazard, which it has voluntarily created. *Riggins* vs. *State of Illinois,* 21 C.C.R. 434. Respondent in the construction, maintenance and repair of its highways has a duty to use reasonable care and caution to prevent injury or destruction of life and property. *Pomprowitz* vs. *State of Illinois,* 16 C.C.R. 230; *Hansen* vs. *State of Illinois,* 21 C.C.R. 5.

Evidence to the effect that a number of serious accidents had occurred along this gravel connecting road during the 45 day period preceding the accident in question involving southbound motorists at night is sufficient to indicate that respondent had actual notice of the dangerous condition existing at this point.

There is sufficient evidence to enable this Court to find that the State failed to discharge its duty to protect the traveling public from a hazardous condition created by the State, and concerning which the State had notice, and that the State's negligence was the proximate cause of the accident, which claimed the life of Ollie Lee Arnts.

The State's failure to light or illuminate the small barricade it had erected constituted negligence. *Pomprowitz* vs. *State of Illinois,* 16 C.C.R. 230; *Hansen* vs. *State of Illinois,* 21 C.C.R. 5; *Cruger* vs. *State of Illinois,* 20

C.C.R. 138. The posting of a sign indicating a left turn, and a small "15 MPH" sign is not sufficient to constitute performance of the State's duty to adequately warn of the hazardous condition of the gravel connecting road. Warning signs must give adequate warning of the particular hazard which exists. *Bovey* vs. *State of Illinois*, 22 C.C.R. 95; *Mammen* vs. *State of Illinois*, 23 C.C.R. 130.

The evidence further discloses that there was no "stop" sign posted at the end of the pavement and the beginning of the gravel connecting road. There was no warning sign to indicate that a gravel road was ahead, or that the road was under repair, or to proceed with caution. The State did nothing to warn motorists of the particular danger about to be encountered. The State erected no restraining posts or fence along the southwest side of the gravel connecting road. The only barricade erected was a small movable horse-type barricade, which extended across one-half of the road, and around which a motorist could easily drive his automobile.

We are further of the opinion that the testimony as to the careful driving habits of the decedent sufficiently substantiates claimant's allegation that decedent was not guilty of contributory negligence.

An award is, therefore, made to claimant in the amount of $16,000.00.